JUDGE BUCHWALD

08 CIV 4795

JOHN ERIC OLSON (JO#4394)
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiff
45 Broadway, Suite 1500
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
THE CONTINENTAL INSURANCE
COMPANY,



            Plaintiff,            Docket No.

   - Against -

                                  **Complaint**

M.T.S. SHIPPING & FORWARDING
GROUP, UNITED PARCEL SERVICE,
UNITED PARCEL SERVICE – SUPPLY
CHAIN SOLUTIONS and AIR-MARK/UPS
AIR CARGO,

            Defendants.
------------------------------------------------------------x

      Plaintiff, THE CONTINENTAL INSURANCE COMPANY, through its attorneys, Hill Rivkins & Hayden LLP, complaining of the above-named defendants, alleges upon information and belief:

      **FIRST:**    This Court has jurisdiction pursuant to 49 U.S.C. § 40105, in that this was an international air carriage of cargo departing from Istanbul, Turkey, and destined for New York, which is subject to the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. 876 (1934) commonly known as "The Warsaw Convention".

**SECOND:** At and during all times hereinafter mentioned, Plaintiff, THE CONTINENTAL INSURANCE COMPANY was and now is a corporation or other business entity organized and existing by virtue of the laws of Delaware, with an office and place of business at 40 Wall Street, New York, New York 10005, and is the subrogated cargo underwriter who paid the claim to Knothe Corporation.

**THIRD:** At and during all times hereinafter mentioned, Defendant, M.T.S. SHIPPING & FORWARDING GROUP (hereinafter "MTS"), was and now is a corporation or other business entity organized and existing by virtue of the laws of Turkey with an office and place of business c/o MTS Logistics Inc., 5 West 37th Street, Suite 300, New York, NY 10018 and was and now is a common carrier, warehouseman and/or bailee.

**FOURTH:** At and during all times hereinafter mentioned, Defendants, United Parcel Service and United Parcel Service – Supply Chain Solutions, were and now are corporations or other business entity organized and existing by virtue of the laws of one of the States of the United States, with offices and places of business c/o UPS Supply Chain Solutions, 150-30 132nd Avenue, Jamaica, New York and were and now are common carriers, warehousemen and/or bailees.

**FIFTH:** At all times hereinafter mentioned, defendant Air-Mark/UPS Air Cargo was and now is a corporation or other business entity organized and existing under and by virtue of the laws of the Republic of Turkey with an office and place of business at Tank Zafer Tunaya Sok Gümüssyu îs Merkezi Kat 4, Istanbul, Turkey.

**SIXTH:** On or about May 24, 2006, there was delivered to the defendants in good order and condition a shipment of apparel, suitable in every respect for the intended

transportation which defendants received, accepted and agreed to transport and/or store for certain consideration, under HAWB-IST-0506-0020 dated May 24, 2006 consigned to Wachovia Bank, and/or under UPS air waybill 40693619105 dated May 24, 2006.

**SEVENTH:** Thereafter, the defendants failed to deliver the shipment in the same good order and condition.

**EIGHTH:** Plaintiff's subrogee was the shipper, consignee or owner of said shipment, and Plaintiff is the subrogated underwriter who insured the cargo and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**NINTH:** By reason of the premises, the defendants were negligent and careless in its handling of Plaintiff's subrogee's cargo, violated their duties and obligations as common carriers and bailees of the cargo, and were otherwise at fault.

**TENTH:** Plaintiff and Plaintiff's subrogee have duly performed all duties and obligations on their part to be performed.

**ELEVENTH:** By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the total amount of $33,380.70.

**W H E R E F O R E,** Plaintiff prays:

1. That a decree may be entered in favor of Plaintiff against defendants for the amount of Plaintiff's damages, together with interest and costs.

2. Plaintiff further prays for such other, further and different relief as to this Court may deem just and proper in the premises.

Dated: New York, NY
       May      , 2008

                                      HILL RIVKINS & HAYDEN LLP
                                      Attorneys for Plaintiff

                                      By: _____
                                         John Eric Olson (JO#4394)

                                      45 Broadway, 15th Floor
                                      New York, New York 10006
                                      Tel.: 212-669-0600

29690\Complaint-SDNY