DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
M.T.S. SHIPPING & FORWARDING GROUP
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE CONTINENTAL INSURANCE COMPANY,

**ECF CASE**

                        Plaintiff,                          08 Civ. 4795 (NRB)

              - against -

M.T.S. SHIPPING & FORWARDING GROUP,
UNITED PARCEL SERVICE, UNITED PARCEL
SERVICE-SUPPLY CHAIN SOLUTIONS
and AIR-MARK/UPS AIR CARGO,

                        Defendants.
------------------------------------------------------------X

Defendant, M.T.S. SHIPPING & FORWARDING GROUP (hereinafter "MTS"), by its

attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the

Complaint propounded by the plaintiff  herein, respectfully shows to the Court and alleges upon

information and belief as follows:

1.  Denies having sufficient knowledge or information to form a belief as to the

allegations contained in paragraphs FIRST, SECOND, FOURTH and FIFTH of the Complaint.

2.  Admits that at and during all times hereinafter mentioned, MTS was  and now is a

corporation or other business entity organized and existing by virtue of the laws of Turkey with

an office and place of business c/o MTS Logistics Inc., 5 West 37th Street, Suite 300, New York,

NY 10017 and, except as so admitted, denies the allegations contained in paragraph THIRD of the Complaint.

3.    Admits that on or about May 24, 2006 a shipment said to be apparel was to be transported under HAWB-IST-0506-0020 dated May 24, 2006 consigned to Wachovia Bank, and UPS air waybill 40693619105 dated May 24, 2006 and, except as so admitted, denies the allegations contained in paragraph SIXTH of the Complaint.

4.  Denies the allegations contained in paragraphs SEVENTH, EIGHTH and TENTH of the Complaint.

5.  Denies the allegations contained in paragraph NINTH of the Complaint and denies having sufficient knowledge or information to form a belief as to the co-defendants.

6. Admits demand and non-payment and, except as so admitted, denies the allegations contained in paragraph ELEVENTH of the Complaint.

## FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

7.  The Complaint fails to state a cause of action against defendant upon which relief can be granted.

## FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

8.  At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

## FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

9.    The transportation out of which the subject matter of this action arose was "international" transportation within the meaning of the Convention for Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000 (1934), T.S. No. 876 137 L.N.T.S. 11, reprinted in 49 U.S.C. § 40105 (note) (1997), as amended by the

Protocol done at the Hague on September 8, 1955, (hereinafter referred to as the "Warsaw Convention"), and the rights of the parties to this litigation are governed by the provisions of said Warsaw Convention.

10.  Pursuant to Article 22 of the Warsaw Convention and the conditions of carriage, the liability of defendant MTS, if any, is limited.

<u>FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE</u>

11.  Pursuant to Article 26 of the Warsaw Convention and the conditions of carriage, some or all of the claims in plaintiff's action may be barred because, upon information and belief, plaintiff or its subrogor failed to dispatch timely written notice of the damages alleged in the Complaint to MTS.

<u>FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE</u>

12.  Pursuant to the relevant Articles of the Warsaw Convention, MTS is not liable to plaintiff or, in the alternative, their liability is limited.

<u>FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE</u>

13.  The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time, over whom MTS had no control at any time relevant hereto, and in the event MTS is found liable to plaintiff, which liability is expressly denied, it will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

<u>FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE</u>

14.  The terms and conditions of the MAWB and HAWB issued or intended to be issued are applicable and MTS will rely upon them.

**AS AND FOR A CROSSCLAIM AGAINST
UNITED PARCEL SERVICE, UNITED PARCEL
SERVICE-SUPPLY CHAIN SOLUTIONS
and AIR-MARK/UPS AIR CARGO
(hereinafter "the co-defendants")**

15.  If the plaintiff suffered any damages, which is denied, such damages were caused by the acts, omissions, breach and/or negligence of the co-defendants and/or others acting on their behalf, without any acts, omissions, breach or negligence on the part of defendant MTS contributing thereto.

16.  If the plaintiff suffered any damages, which is denied, and is awarded judgment against  defendant MTS, then defendant will be entitled to full and complete indemnity and/or contribution as  the  case may be  from the co-defendants for all losses and damages sustained, together with costs, disbursements and reasonable counsel fees.

WHEREFORE, defendant MTS demands judgment dismissing the plaintiff's Complaint or, in the alternative, demands judgment against the co-defendants for all sums which may be recovered by the plaintiff against defendant MTS or for contribution, as the case may be, together with the costs, disbursements and reasonable counsel fees and for such other or different relief as to this Court may be just and proper under the premises.

Dated:  New York, New York
        July 21, 2008

                  DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
                  Attorneys for Defendant
                  M.T.S. SHIPPING & FORWARDING GROUP

                  S/ _____
                   PETER J. ZAMBITO        (9362 PZ)

                  OFFICE & P.O. ADDRESS:
                  131 East Thirty Eighth Street
                  New York, N.Y.  10016
                  (212) 889-2300